IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONYIA WHORTON, et al., )
)
Plaintiffs, )
)
) Case No. 2:19-cv-00413-CCB
V. )
)
MACK TRUCKS, INC., et al., )
)
Defendants. )

## AMENDED COMPLAINT

Plaintiffs Tonyia Whorton, Michelle Guessford, David Humphries, Jennifer S. Wetzel, Kevin Barr, Lisa Fisher, Steven L. Woodring, Jr., Chad Kolich, George Shaffer, Glenn R. Deshong, Vincent French, Craig Pereschuk, Howard Fuller, Darrin Strait, Ronald J. Cohoon, Travis R. Stoner, Adalberto Rodriguez, Jerry Deshong, Michael L. LcCusker, Edward Bullett, William E. Smith, Sharon L. Reed, Idesta L. Mills, Ronald Fawley, Judy Beattie, Randy Tayloer, Jr., Miriam Ramsey, Monte T. Mellot, Hank W. Hovermale, Christopher D. Mallott, Frank Varady, Dustin Minnick, Robert Harris, Tracy Perry, Anthony Vallar, Sutton Myers, and Gladys Ruth Douglas (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file this Amended Complaint against Defendants Mack Trucks, Inc. ("Mack Trucks"), Volvo Group North America, LLC ("Volvo"), International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("UAW"), Solidarity House, 8000 East Jefferson Avenue, Detroit, Michigan, 48214, Local No. 171 of International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("Local 171"), alleging as follows:

## PARTIES

1. Plaintiff Tonyia Whorton is a citizen/resident of the State of Maryland and resides at 13923 McIntosh Circle, Clear Spring, Maryland 21722.

2. Plaintiff Michelle Guessford is a citizen/resident of the State of Maryland and resides at 14 E. Sunset Avenue, Williamsport, Maryland 21795.

3. Plaintiff David Humphries is a citizen/resident of the State of Maryland and resides at 343 N. Cannon Avenue, Hagerstown, Maryland 21740.

4. Plaintiff Jennifer S. Wetzel is a citizen/resident of the State of Maryland and resides at 1129 Security Road, Hagerstown, Maryland 21742.

5. Plaintiff Kevin Barr is a citizen/resident of the State of Maryland and resides at 516 Chestnut Street, Hagerstown, Maryland 21740.

6. Plaintiff Lisa Fisher is a citizen/resident of the State of Maryland and resides at 15909 Hibiscus Drive, Hagerstown, Maryland 21740.

7. Plaintiff Steven L. Woodring, Jr. is a citizen/resident of the Commonwealth of Pennsylvania and resides at 1504 Park Terrace Drive, Chambersburg, PA 17202.

8. Plaintiff Chad Kolich is a citizen/resident of the State of Maryland and resides at 19711 Neddys Lane 15909, Hagerstown, Maryland 21742.

9. Plaintiff George Shaffer is a citizen/resident of the Commonwealth of Pennsylvania and resides at 3342 Stillhouse Hollow Road, Shippensburg, PA 17257.

10. Plaintiff Glenn R. Deshong is a citizen/resident of the State of Maryland and resides at 13822 Pennsylvania Avenue, Hagerstown, Maryland 21740.

11. Plaintiff Vincent French is a citizen/resident of the State of Maryland and resides at

2

14411 Heavenly Access Ridge, Hancock, Maryland 21750.

12. Plaintiff Craig Pereschuk is a citizen/resident of the Commonwealth of Pennsylvania and resides at 2501 Molly Pitcher Highway, Chambersburg, PA 17202.

13. Plaintiff Howard Fuller is a citizen/resident of the Commonwealth of Pennsylvania and resides at 168 Hammark Drive, Martinsburg, WV 25403.

14. Plaintiff Darrin Strait is a citizen/resident of the Commonwealth of Pennsylvania and resides at 870 Stahle Road, Warfordsburg, PA 17267.

15. Plaintiff Ronald J. Cohoon is a citizen/resident of the State of Maryland and resides at 836 Dewey Avenue, Hagerstown, Maryland 21742.

16. Plaintiff Travis R. Stoner is a citizen/resident of the Commonwealth of Pennsylvania and resides at 9223 Branch Street, Greencastle, PA 17225.

17. Plaintiff Adalberto Rodriguez is a citizen/resident of the State of Maryland and resides at 17638 Gettysburg Way, Hagerstown, Maryland 21740.

18. Plaintiff Jerry Deshong is a citizen/resident of the State of Maryland and resides at 125 Elm Street, Hagerstown, Maryland 21740.

19. Plaintiff Michael L. McCusker is a citizen/resident of the State of Maryland and resides at 106 Park Lane, Hagerstown, Maryland 21742.

20. Plaintiff Edward Bullett is a citizen/resident of the State of West Virginia and resides at 20 Blake Court, Martinsburg, WV 25404.

21. Plaintiff William E. Smith is a citizen/resident of the State of West Virginia and resides at 870 Cumbo Road, Martinsburg, WV 25403.

22. Plaintiff Sharon L. Reed is a citizen/resident of the State of Maryland and resides at

9000 Corner Road, Hancock, Maryland 21750.

23. Plaintiff Idesta L. Mills is a citizen/resident of the State of Maryland and resides at 20341 Yourtee Road, Knoxville, Maryland 21758.

24. Plaintiff Ronald Fawley is a citizen/resident of the State of Maryland and resides at 2626 Rohrersville Road, Rohrersville, Maryland 21779.

25. Plaintiff Judy Beattie is a citizen/resident of the State of West Virginia and resides at 170 Arkansas Lane, Berkeley Springs, WV 25411.

26. Plaintiff Randy Taylor, Jr. is a citizen/resident of the State of Maryland and resides at 990 Saint Clair Street, Hagerstown, Maryland 21742.

27. Plaintiff Miriam Remsey is a citizen/resident of the State of Maryland and resides at 13910 Countryside Drive, Maugansville, Maryland 21767.

28. Plaintiff Monte T. Mellot is a citizen/resident of the Commonwealth of Pennsylvania and resides at 3812 Hickerville Road, Warfordsburg, PA 17267.

29. Plaintiff Hank W. Hovermale is a citizen/resident of the State of West Virginia and resides at 5621 Pious Ridge Road, Berkeley Springs, WV 25411.

30. Plaintiff Christopher D. Malott is a citizen/resident of the State of Maryland and resides at 302D N. Colonial Drive, Hagerstown, Maryland 21742.

31. Plaintiff Frank Varady is a citizen/resident of the State of Maryland and resides at 35 Fairground Avenue, Hagerstown, Maryland 21740.

32. Plaintiff Dustin Minnick is a citizen/resident of the Commonwealth of Pennsylvania and resides at 13903 Harbough Church Road, Waynesboro, PA 17268.

33. Plaintiff Robert Harris is a citizen/resident of the State of Maryland and resides at 42

4

East North Avenue, Hagerstown, Maryland 21740.

34. Plaintiff Tracy Perry is a citizen/resident of the State of Maryland and resides at 15606 Clear Spring Road, Williamsport, Maryland 21795.

35. Plaintiff Anthony Vallar is a citizen/resident of the State of Maryland and resides at 522 Chestnut Street, Hagerstown, Maryland 21740.

36. Plaintiff Sutton Myers is a citizen/resident of the State of West Virginia and resides at 2083 Tabler Station Road, Martinsburg, WV 25403.

37. Plaintiff Gladys Ruth Douglas is a citizen/resident of the Commonwealth of Pennsylvania and resides at 1557 Johnson Road, Chambersburg, PA 17202.

38. Defendant Mack Trucks, Inc., upon information and belief, is a corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business at 2100 Mack Boulevard, Allentown, PA 18105.

39. Defendant Volvo Group North America, LLC, upon information and belief, is a limited liability company organized and existing pursuant to the laws of Delaware with its principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

40. Defendant International Union, United Automobile Aerospace and Agricultural Implement Workers of America, upon information and belief, is an unincorporated Michigan, labor association/organization with its principal place of business at 8000 East Jefferson Avenue, Detroit, Michigan 48214.

41. Defendant Local No. 171 of International Union, United Automobile Aerospace and Agricultural Implement Workers of America, upon information and belief, is an unincorporated Maryland labor association/organization with its principal place of business at 18131 Maugans

Avenue, Hagerstown, Maryland 21740.

42. Pursuant to Rule 2-212 ("Permissive Joinder of Parties"), Plaintiffs may seek relief jointly, separately, and/or in the alternative since their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and there is a common question of law and/or fact as to all Plaintiffs.

43. For purposes of diversity jurisdiction, each Plaintiff's claim is less than $75,000.00.

## JURISDICTION AND VENUE

44. This Court has subject matter jurisdiction over the claims and personal jurisdiction over the parties pursuant to MD. CODE. ANN., CTS. & JUD. PROC. §6-102(a) since Defendants are domiciled in, served with process in, organized under the laws of and/or maintain a principal place of business in this State, and/or pursuant to MD. CODE. ANN., CTS. & JUD. PROC. §6-103(b) since Defendants transact business and/or contract to supply goods/products in this State, caused tortious injury in the State by an act or omission in the State, and/or have an interest in real property in the State.

45. This venue is proper pursuant to MD. CODE. ANN., CTS. & JUD. PROC. §6-201(b) since there is more than one Defendant, there is no single venue applicable to all Defendants under §6-201(a), at least one Defendant may be sued in this venue/County, and/or the cause of action arose in this venue/County.

## STATEMENT OF FACTS

46. Plaintiffs are employed by Defendants Mack Trucks and/or Volvo.

47. From approximately June 2018 through December 2018, Defendant Mack Trucks

6

and/or Volvo have deducted and/or are deducting sums of money from Plaintiffs' wages/compensation without Plaintiffs' written authorization, in violation of MD. CODE ANN., LABOR & EMPLOY. §3-503.

48. Although Defendants Mack Trucks and/or Volvo have claimed that such deductions were effectuated due to previous "overpayments" to Plaintiffs, such deductions are not lawful under §3-503 even assuming (*arguendo*) that Plaintiffs had been "overpaid" since Plaintiffs have not authorized such deductions in writing.

49. Furthermore, Plaintiffs allege and contend that they were not in fact overpaid.

50. Plaintiffs are also dues-paying members of Defendants UAW and/or Local 171 (Defendants UAW and/or Local 171 sometimes referred to hereinafter as the "Union").

51. Plaintiffs and Defendants are parties to a collective bargaining agreement ("CBA").

52. The Union is Plaintiffs' "exclusive collective bargaining agent" under the CBA. Thus, Plaintiffs are dependent upon the Union to represent and enforce their rights pursuant to the CBA.

53. The Union initially filed a grievance on behalf of Plaintiffs related to the above-referenced wage deductions ("Wage Grievance"). However, not only did the Union fail to prosecute the Wage Grievance up to and through the arbitration process as permitted under the CBA but, moreover, the Union withdrew the Wage Grievance in or around September 19, 2017.

54. Under Maryland law, Plaintiffs are not required to exhaust and/or further exhaust any past, present or future administrative remedies prior to bringing this action.

### COUNT I
### Violation of §3-502 and/or §3-503
### (Defendants Mack Trucks and/or Volvo)

7

55. Paragraphs 1-54 are incorporated herein by reference.

56. Pursuant to MD. CODE ANN., LABOR & EMPLOY. §3-503, an "employer may not make a deduction from the wage of an employee unless the deduction is .... (2) authorized expressly in writing by the employee."

57. Defendants Mack Trucks and/or Volvo have violated §3-503 by deducting monies from Plaintiffs' wages without Plaintiffs' express, written authorization (and without satisfying any of the other, inapplicable conditions for the deduction of wages under §3-503).

58. Such unlawful deductions are not the result of a bona fide dispute and, pursuant to §3-507.2, Plaintiffs are entitled to and request treble damages, reasonable attorney's fees, and costs. *Marshall v. Safeway, Inc.*, 437 Md. 542 (2014).

WHEREFORE, each Plaintiff respectfully requests that this Court enter a money judgment in his/her favor against Defendants Mack Trucks and/or Volvo in the amount of $50,000.00, plus reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

## COUNT II
### Breach of Contract and/or Anticipatory Breach of Contract
### (Defendants Mack Trucks and/or Volvo)

59. Paragraphs 1-58 are incorporated herein by reference.

60. On or around November 10, 2011, Defendants Mack Truck and the Union signed a Memorandum of Understanding (" 2011 MOU"). That 2011 MOU provides (*inter alia*) that "[s]hould a temporary employee become a regular full time employee, they shall be credited with seniority for time spent as a temporary employee."

61. Similarly, on or around November 14, 2012, Defendants Mack Truck and the Union signed a Memorandum of Agreement ("2012 MOA"). That 2012 MOA provides (*inter alia*) that

8

"[i]f and when any of the 112 identified temporary employees are hired as permanent employees, their seniority date will be set 90 regular working days (Monday-Friday) prior to their conversion day."

62. Thus, the 2011 MOU retroactively grants temporary employees seniority status during the time that they were employed as a temporary employee, and the 2012 MOA retroactively grants certain temporary employees seniority status back to 90 working days prior to the date they converted from a temporary to full-time employee.

63. Plaintiffs are employees of Defendants Mack Trucks and/or Volvo whose status converted from temporary employee to full-time employee while the 2011 MOU and/or 2012 MOA were in effect.

64. Upon information and belief, the terms of the 2011 MOU and 2012 MOA were honored through approximately May 2016.

65. However, sometime in 2017 and/or 2018, Defendants Mack Trucks and/or Volvo began informing Plaintiffs (and others) that as a result of an audit going back three years they had determined that certain employees had been overpaid for used/unused vacation time and that they expected repayment for those "overpayments" (such payment including a proposal for those employees to forfeit their 2018 vacation days/pay).

66. Upon information and belief, Defendants Mack Truck and/or Volvo's deduction and/or demand for repayment for such "overpayment" in based upon an inappropriate calculation of seniority status which is in violation of the terms of the 2011 MOU and/or 2012 MOA.

67. Thus, Defendants Mack Trucks and/or Volvo demand for repayment and/or deduction of wages is a material breach and/or anticipatory breach of the CBA, 2011 MOU and/or 2012 MOA.

9

68. Indeed, the Union consulted an attorney regarding "numerous employees who are now asked to repay vacation time that had been previously granted to them," and, on or about April 11, 2018, that attorney issued a Memorandum determining that the 2011 MOU and 2012 MOA are "binding contracts" and that failing to credit the employees in accordance with the terms of the 2011 MOU and/or 2012 MOA would be a "violation" of those agreements. That Memorandum does not give any indication that it is a privileged communication, it was sent to the President of Local 171 (David Dopp), and Plaintiffs (as members of the Union for whose benefit such Memorandum was obtained) agree to waive any privilege as to that Memorandum to the extent that any such privilege exists.

69. Moreover, upon information and belief, Defendants Mack Trucks and/or Volvo have threatened employees (including Plaintiffs) with termination if they do not cave into Defendants' unlawful demands for wage deductions and/or repayment, and began confiscating Plaintiffs' wages on or around June 4, 2018.

WHEREFORE, each Plaintiff respectfully requests that this Court enter a money judgment in his/her favor against Defendants Mack Trucks and/or Volvo in the amount of $50,000.00, plus reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

## COUNT III
### Breach of Duty of Fair Representation
### (UAW and/or Local 171)

70. Paragraphs 1-69 are incorporated herein by reference.

71. The Union owes/owed a fiduciary duty to Plaintiffs to fairly and properly represent Plaintiffs' interests.

72. In addition to the above-referenced conduct, Defendant Local 171's President (David

Dopp) appears to have intentionally created a conflict of interest with the attorney (Michael Marshall, Esq.) who wrote the April 2018 Memorandum referenced above in Paragraph 66 so as to prevent that attorney from further advocating for Plaintiffs' rights. Upon information and belief, after Mr. Marshall penned the April 2018 Memorandum which supported Plaintiffs' position and prohibited the actions subsequently taken by Defendants Mack Trucks and/or Volvo, Mr. Dopp initiated communications with Mr. Marshall whereby Mr. Dopp sought legal advice for him personally regarding the same subject matter (*i.e.*, seniority status and/or wage deductions). Furthermore, upon information and belief, at the time Mr. Marshall issued his April 2018 Memorandum, Mr. Dopp had already signed a non-ratified MOU in or around November 2017 which improperly attempted to retroactively nullify the seniority terms of the 2011 MOU and/or 2012 MOA–the exact thing which Mr. Marshall had previously informed the Union was improper and/or a material breach of those agreements.

73. On or about July 5, 2018, demand was made on behalf of Plaintiffs that Mr. Dopp immediately obtain replacement counsel for Mr. Marshall due to Mr. Dopp's improper actions, which demand was ignored by Mr. Dopp.

74. Furthermore, in or around December 2018, Plaintiffs submitted grievances related to the wrongful deductions made from approximately June 2018 to December 2018, which grievances were rejected by Plaintiffs' employer that same month (December 2018). In addition, the Union Defendants apparently attempted to thwart Plaintiffs' efforts to file such grievances and would not even provide them with grievance forms as requested. A Union Committee Member informed Plaintiff Whorton that "higher ups" in the Union had told him not to give Plaintiffs grievance forms if they requested them. Eventually Plaintiffs were able to obtain the forms, at which point the Union

11

refused to even process the grievances (and/or take them to Step 2 after being denied) and Plaintiffs submitted the grievances directly to the HR department of their employers (which grievances were denied, despite the fact that such deductions are illegal under Maryland law).

75. Defendant Union materially breached its duty of fair representation by the above-referenced conduct, including withdrawing Plaintiffs' Wage Grievance, failing/refusing to initiate/demand arbitration of Plaintiffs' Wage Grievance, failing/refusing to seek fair compensation for Plaintiffs' Wage Grievance, and/or sabotaging Plaintiffs' rights to full compensation and/or seniority status to which thy are/were entitled, resulting in damages to Plaintiffs.

76. Such breach was intentional and/or in bad faith and Plaintiffs demand punitive damages against Defendant Union.

WHEREFORE, each Plaintiff respectfully requests that this Court enter a money judgment in his/her favor against Defendants International Union, United Automobile Aerospace and Agricultural Implement Workers of America and/or Local No. 171 of International Union, United Automobile Aerospace and Agricultural Implement Workers of America, jointly and severally, in the amount of $50,000.00 (including punitive damages), plus reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

## COUNT VI
### Declaratory Judgment/Injunctive Relief
### (Defendants Mack Trucks and/or Volvo)

77. Paragraphs 1-76 are incorporated herein by reference.

78. As set forth above, Plaintiffs' claim on ongoing violation of their statutory rights and/or rights under the CBA by Defendants

79. Thus, Plaintiffs have an affected interest under a statute and/or contract (*i.e.*, the

12

CBA) and seek a declaration of their (and/or the Defendants') respective rights, status and/or other legal relations with respect to such statute and/or the CBA.

80. Accordingly, pursuant to MD. CODE ANN., CTS. & JUD. PROC. §3-406, Plaintiffs are entitled to a declaration of the parties' respective rights, specifically, a declaration that Plaintiffs have the right to receive their full wages/compensation and Defendants have no legal right to make any unauthorized deductions to such wages/compensation.

81. In addition, (a) an actual controversy exists between the parties; (b) antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation; (c) the parties have asserted their respective rights with respect to the statute/contract, and the other has denied or challenged that right (both parties asserting concrete interests/rights to/over the same); and/or (d) declaring the parties' respective rights, status and/or legal relations will serve to terminate the uncertainty or controversy giving rise to the proceeding. Accordingly, Plaintiffs are also entitled to relief pursuant to MD. CODE ANN., CTS. & JUD. PROC. §3-409.

WHEREFORE, Plaintiffs respectfully request that this Court:

(A) Determine and adjudicate the rights and liabilities of the parties with respect to the Maryland wage statute (§3-502 and/or §3-503) and/or the CBA;

(B) Find and declare that Plaintiffs have the right to receive their full wages/compensation and Defendants have no legal right to make any unauthorized deductions to such wages/compensation.;

(C) Order Defendants to refrain from making any such unauthorized deductions;

(D) Award Plaintiffs attorneys' fees, costs, and/or any other relief that this Court deems proper.

13

## DEMAND FOR JURY TRIAL

Each Plaintiff demands a jury trial on all matters/issues/claims so triable.

Respectfully Submitted,

__/s/ Brian M. Maul_____
Brian M. Maul, Bar No. 28198
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
P: (301) 378-2569
brian@bmaullaw.com
*Counsel for Plaintiffs*