## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TONYIA WHORTON, *et al.* | Civil Action No. CCB-19-413 |
| v. | |
| VOLVO GROUP NORTH AMERICA, LLC, *et al.* | |

### **MEMORANDUM**

This suit was brought by more than 30 employees against Mack Trucks Inc. (Mack), Volvo Group North America LLC (Volvo), and the Union representing the employees, the UAW and UAW Local 171. Claims against the Union have been dismissed with prejudice (ECF 11), and after summary judgment briefing[1] the only claim being pressed by the plaintiffs is for an alleged violation of the Maryland Wage Payment and Collection Law ("the MWPCL"), Md. Code Ann., Labor & Employment, § 3-503. (ECF 56-1 at 5) The plaintiffs assert that deductions from their paychecks agreed to by the Union to recoup overpayments of vacation benefits violated § 3-503 because the plaintiffs did not sign authorizations agreeing to the deductions.[2] They seek repayment of the amounts deducted, treble damages, and attorneys' fees. For the reasons that follow, the defendants' motion for summary judgment will be granted, and the plaintiffs' cross-motion for summary judgment will be denied.

The procedural background of the dispute will be briefly discussed. In 2017, as the result of an audit, it was determined that a number of Mack employees, including the plaintiffs, had

---

[1] The defendants moved for summary judgment (ECF 52), the plaintiffs opposed that motion and brought their own cross-motion for summary judgment (ECF 56), the defendants replied supporting their initial motion and responded to the cross-motion (ECF 57), and the plaintiffs replied in support of their cross-motion (ECF 58).

[2] Section 3-503 provides that "an employer may not make a deduction from the wage of an employee unless the deduction is: . . . (2) authorized expressly in writing by the employee . . ."

received overpayments for vacation benefits based on apparent misinformation or misunderstandings about the computation of employees' seniority and consequent entitlement to those benefits. Mack and the Union entered into a Memorandum of Understanding (MOU) providing that employees who received overpayments would have amounts deducted from their weekly paychecks over the course of 2018, or in a lump sum to be paid on January 1, 2019. Under the MOU, employees were required to sign authorizations for the weekly deductions, pay back the lump sum, or be subject to discipline or discharge. (ECF 52-18, Ex. 16, MOU). The majority of the plaintiffs did not sign authorizations but nonetheless, after several warning letters, had deductions made from their paychecks to recoup the overpayment.

Initially, the plaintiffs brought claims against Mack for a violation of the MWPCL (Count I) and for Labor Management Relations Act (LMRA) § 301 breach of contract (Count II). They sued the Union for a breach of the duty of fair representation (Count III), but that claim was dismissed with prejudice (ECF 40, 41), and the plaintiffs accordingly have abandoned their LMRA claims against Mack (ECF 57 at 2). Further, the plaintiffs no longer challenge Mack's computations or the fact that the amounts deducted from each plaintiff's paycheck were in fact overpayments of vacation benefits not due to them. (ECF 56-1 at 9–10). The plaintiffs assert simply that the deductions violated the MWPCL because they did not sign written authorizations for the deductions.

Mack argues initially that the plaintiffs' claims are preempted under the LMRA because resolution of the state law claim "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). If it were necessary for this court to determine the amount of vacation benefits to which the plaintiffs were entitled under the CBA, that argument would have greater

2

force, but the plaintiffs no longer challenge the fact and amounts of the overpayments. Nor does the court rely on the Union's MOU as an "exercise" or "waiver" of the employees' rights permitted by the CBA. Rather, the court determines that this dispute can be resolved under the language of the MWPCL itself.

As noted, an employer may not make a deduction from the wage of an employee unless it is authorized expressly in writing by the employee.[3] § 3-503. Section 3-501(c)(1) defines the term "wage" as "all compensation that is due to an employee for employment." *See Marshall v. Safeway, Inc.*, 88 A.3d 735, 745 (Md. 2014). Under the language of the statute and a survey of relevant case law, the court cannot find that these overpayments were "compensation due" to the plaintiffs.

The Maryland law focuses on providing a remedy when employers refuse to pay wages lawfully due: "When an employer makes an unauthorized deduction under § 3-503, it is not paying all the compensation that is due to the employee." *Marshall*, 88 A.3d at 745. Cases cited by the plaintiffs involve deductions from compensation not to remedy admitted overpayments but for other purposes, such as payment of speeding tickets incurred while on the job (*Bonilla v. Dops, Inc.*, 2016 WL 828096 at *6 (D. Md. Feb. 29, 2016)); payment for room and board (*Jones v. Way of Hope, Inc.*, 2009 WL 3756843 at *3 (D. Md. Nov. 6, 2009)); payment for attorneys' fees (*Schultz v. All-Fund, Inc.*, 2007 WL 2333049 at *6 (D. Md. Aug. 13, 2007)); and payment for the cost of tools and equipment (*Guerra v. Teixeira*, 2019 WL 330871 at *15 (D. Md. Jan. 25, 2019)). Here the employer, with the agreement of the Union, was recouping amounts not due to the employees, but rather paid based on misinformation or mistake. The plaintiffs' argument

---

[3] Certain other exceptions exist, but they are not applicable here.

that this constitutes a violation of the MWPCL is not consistent with the language or the purpose of § 3-503.

Accordingly, the defendants' motion for summary judgment on all claims will be granted, and the plaintiffs' cross-motion for summary judgment on Count I will be denied. A separate Order follows.

3/14/22
_____
Date

CCB
_____
Catherine C. Blake
United States District Judge

4